# EXHIBIT 10

**Rachel Rodriguez**
Direct Dial: +1.212.906.1854
rachel.rodriguez@lw.com

# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Seoul |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

File No. 059241-0002

August 15, 2018

**VIA E-MAIL**

Joel D. Van Nurden
Van Nurden Law, PLLC
1515 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN 55402
612-455-8945

Re:   *In re Banc of California Sec. Lit.*, No. SACV 17-0018 AG-DFM – Responses and Objections of Castalian Partners Value Fund LP and James Gibson

Dear Mr. Van Nurden:

We are in receipt of the August 7, 2018 Responses and Objections of James Gibson and Castalian Partners Value Fund, (collectively, "Respondents"), to the third-party subpoenas (the "Subpoenas") issued on behalf of Steven A. Sugarman on July 17, 2018.  Respondents' Responses and Objections state four objections – in addition to those included in the attached Appendix A – and indicate that Respondents are unwilling to produce any documents in response to the Subpoenas.

Respondents allege that the Subpoenas seek discovery that is not relevant, describing them as a "fishing expedition" seeking "documents and information that the Court has already found to be outside the scope of permissible discovery."  We disagree on both accounts.  The Court's ruling that document requests to Banc of California's directors attempting to establish "alleged ties or involvement in the publishing of the blog post… go[] a little far afield of [the] scienter issue," (February 13, 2018 Omnibus Discovery Hearing Tr. 22:25-23:2), does not preclude the discovery sought here.  That ruling stands only for the proposition that, where there was no evidence otherwise linking the directors to the blog post, discovery attempting to establish a link was too far removed from the issue of scienter.  By contrast, the Requests here target the separate issue of loss causation, and are based on evidence that Respondents uniquely positioned themselves just before the blog publication to reap substantial benefit from a decline in Banc's stock price.

FINRA data shows that in the days leading up to the October 18, 2016 Seeking Alpha blog post publication, a small number of traders accumulated an unusually large number of put options in Banc securities.                                                          REDACTED

LATHAM&WATKINS LLP

REDACTED    Based on this timing, what Respondents knew about the contents of the blog and its anticipated publication, and how and when they knew it, is directly relevant to loss causation. The Requests are therefore squarely within the scope of discovery. *In re Daou Sys., Inc.*, 411 F.3d 1006, 1025 (9th Cir. 2005) ("[T]o prove loss causation, the plaintiff must demonstrate a causal connection between the deceptive acts that form the basis for the claim of securities fraud and the injury suffered by the plaintiff.").

Pursuant to Local Rule 7.1(a) of the United States District Court for the District of Minnesota and Rule 37 of the Federal Rules of Civil Procedure, we request a conference to discuss Respondents' objections and unwillingness to produce documents. If Respondents are unwilling to negotiate a scope of production, we will promptly seek an order requiring production of documents in response to the Subpoenas.

Please let us know your availability for a meet and confer conference regarding Respondents' objections. We look forward to speaking with you soon.

Best regards,

*Rachel Rodriguez*

Rachel Rodriguez
of LATHAM & WATKINS LLP

US-DOCS\102838010.3