# EXHIBIT 11

**Barberena, Claudia (LA)**

| | |
|---|---|
| **From:** | Gray, Andrew (OC) |
| **Sent:** | Friday, August 31, 2018 3:53 PM |
| **To:** | Joel Van Nurden |
| **Cc:** | Rodriguez, Rachel (NY); Bosley, Rachel (OC) |
| **Subject:** | RE: Subpoenas to James Gibson |
| **Attachments:** | L-In re Banc of California Securities Litigation-FINRA Production 4.30.2....pdf; OCC LPOR Data Sep012016 through Jan302017 (DIVER)_Redacted.pdf; Declaration of FINRA Custodian of Records-In re Banc of California Secur....pdf |

Joel,

Your accusations that we have improperly obtained fraudulent trading information or have operated without integrity in reaching our conclusions are not well-taken. Further, the unidentified fines or misconduct allegations vaguely referenced in your email are completely irrelevant to the subpoena at issue, and we regard them as an effort to deflect from your obligations to respond to the subpoenas at issue.

Attached please find the FINRA production letter, LOPR data detailing relevant options trades in Banc securities (including the significant trades by Castalian Partners and James Gibson), and the FINRA declaration of custodian records confirming under penalty of perjury that these records are true and correct FINRA business records. We provide this information in connection with our subpoenas to your clients – it is to be used only in connection with this matter.

The attached documents demonstrate that your accusations are unfounded. And any purported "contradiction" suggested by my use of the term short positions to refer generally to bearish trading positions does not compromise the integrity of our information or conclusions. The data within our possession identifies your clients as large put option traders in Banc stock during the period at issue in the *In re Banc of California Securities Litigation* matter, but as I mentioned during our call, our information is incomplete. This is another reason that the documents requested by our subpoena are highly relevant and likely to lead to admissible evidence in our matter.

Your correspondence makes clear that your clients do not intend to timely comply with their obligations under the subpoenas. Therefore, unless you can confirm next week that your client will timely produce the documents requested by our subpoenas, we will move forward with a motion to compel.

Regards,
Andrew

**Andrew Gray**

**LATHAM & WATKINS** LLP
650 Town Center Drive | 20th Floor | Costa Mesa, CA 92626-1925
D: +1.714.755.8017 | M: +1.714.313.5702

**From:** Joel Van Nurden <joel@vannurdenlaw.com>
**Sent:** Friday, August 31, 2018 5:40 AM
**To:** Gray, Andrew (OC) <Andrew.Gray@lw.com>
**Subject:** Subpoenas to James Gibson

Andrew:

1

Thank you for your email.  Your statements regarding my clients' trading history are inaccurate and I am concerned that the confidential trading records you claim to have obtained are either incorrect or fraudulent.

First, the letter from Ms. Rodriguez dated August 15, 2018 states that you possess FINRA trading records of my clients.  After receiving that letter, my clients contacted FINRA to determine what trading records, if any, would have been released pursuant to subpoena. A senior representative of FINRA advised that they did not release any trading records that include personal identifying information and that doing so would violate their standard practice in such matters.

Second, the August 15th letter I received from your firm claims that             REDACTED

Obviously my clients could not have held only put options, as you earlier contended, if they also held short positions, as you now claim.  This increases my concerns about the integrity of your information and conclusions.

Third, my clients' trading records are confidential and constitute non-public information.

Fourth, I am concerned that any confidential information regarding my clients you may possess was improperly obtained by  Mr. Sugarman or his affiliates.  It has come to my attention that Mr. Sugarman is a control person at Cor Clearing LLC, a broker dealer that has been fined or sanctioned by FINRA multiple times for alleged misconduct.

In order for me to evaluate your requests, I need to review any and all trading records and learn the source(s) of such records.  Please send this information to me by end of business today (Friday) because I am leaving on an international trip tomorrow and won't return until September 10.

Joel

--

**Joel D. Van Nurden**
**VAN NURDEN LAW, PLLC**
1515 Canadian Pacific Plaza


Case 8:19-mc-00005-AG-DFM   Document 20   Filed 09/28/18   Page 4 of 4   Page ID #:262


120 South Sixth Street
Minneapolis, MN  55402
612-455-8945
www.vannurdenlaw.com