# Exhibit E

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 17-00118-AG (DFMx) | Date | October 2, 2018 |
|---|---|---|---|
| Title | In re Banc of California Securities Litigation | | |

| Present: The Honorable | Douglas F. McCormick | |
|---|---|---|
| Nancy Boehme | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:** (In Chambers) Order re: (1) Deposition Issues (Dkt. 358, 359) and (2) Sugarman's Motion to Compel Further Responses to Requests for Admission and Requests for Production from Banc (Dkt. 345)

### Deposition Issues

Defendant Banc of California, Inc. ("Banc") seeks a wide-ranging protective order about forthcoming depositions. Defendant Steven A. Sugarman ("Sugarman") also seeks an order that largely asks for Banc's requests to be denied. For the reasons stated on the record, the Court will not deviate from the presumptive rules governing depositions, nearly all of which are consistent with Sugarman's position. Banc's request is accordingly DENIED. To the extent any specific issues remain (or arise) about forthcoming depositions, the parties are ORDERED to bring the issue to the Court's attention through its informal telephone conference procedure, through which the Court will determine what if any briefing is necessary.

### Sugarman's Motion to Compel

Sugarman moves to compel further responses from Banc to Sugarman's Requests for Admission Nos. 16, 17, 18, and 81 and Request for Production No. 94. For the reasons set forth below, Sugarman's motion to compel is DENIED.

Four of Sugarman's five written discovery requests—all but RFA No. 81—relate to the Seabold Amended Answer. To summarize those requests, Sugarman seeks information about whether Banc provided a copy of the Seabold Amended Answer to a Los Angeles Times reporter in January 2018. Sugarman contends that answers to its discovery requests are necessary to address the allegations contained in the Seabold Amended Answer.

Banc argues that allowing discovery about communications between Banc and the Los Angeles Times about the Seabold Amended Answer in January 2018 has little if any relevance to the issues presented by this case, i.e., whether the April 2016 Proxy was misleading, and if so,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-00118-AG (DFMx) | Date | October 2, 2018 |
|---|---|---|---|
| Title | In re Banc of California Securities Litigation | | |

whether those misleading statements were made with intent to mislead investors. See Dkt. 345-1 ("JS") at 8. The Court agrees.

While the Court concluded that the scope of permissible discovery in this action includes the circumstances of his January 2017 resignation, see Dkt. 145 at 2, the expansion of that scope is not unlimited. At some point the basis for extending discovery beyond the circumstances surrounding the April 2016 Proxy becomes sufficiently attenuated that the relevance goes from slight to marginal to zero. The instant written discovery requests reach that point.

Sugarman's fifth written discovery request, RFA No. 81, seeks information about whether Banc knew that its outside auditor visited a Banc executive's home. Any such visit is likewise beyond the scope of relevant discovery.

:

Initials of Clerk   nb