UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Banc of California Securities Litigation | Case No. 0:18-mc-00076-WMW-KMM |
| | **Report & Recommendation** |

Steven Sugarman is a defendant in *In re Banc of California Securities Litigation*, No. 17-cv-118-AG-DFM (C.D. Cal.). Mr. Sugarman served subpoenas on non-parties Castalian Partners and James Gibson ("Respondents"). After Respondents refused to produce documents in response to the subpoenas, Mr. Sugarman filed a motion to compel responses with this Court. (ECF No. 1.) Similar discovery disputes are underway in other districts, disputes which have arisen in response to very similar subpoenas served nationwide. In order to promote efficient resolution of these issues and avoid inconsistent rulings within this litigation, the Court recommends that this motion be TRANSFERRED to the Central District of California.

I.  Facts

   A.  Underlying Litigation

The subpoenas at issue in this district arise out of a securities fraud action. Plaintiffs are aggrieved shareholders of Banc of California, who allege that Mr. Sugarman and Banc violated federal securities laws by making materially false and misleading statements and omissions. Specifically, they allege that Mr. Sugarman had ties to Jason Galanis, a convicted securities fraudster, but that Banc's April 2016 proxy intentionally omitted those ties. The plaintiffs also allege that Banc's stock price fell after a blog post was published by the anonymous author "Aurelius," which exposed the connection between Mr. Sugarman and Mr. Galanis.

   B.  The Subpoenas

Castalian Partners is a small Minnesota investment firm, and Mr. Gibson is its principal. (Decl. of James Gibson, ECF No. 25 at ¶ 1.) Both are third parties to this litigation. Mr. Sugarman served them with substantially identical subpoenas seeking a broad swathe of documents. Respondents objected to the requests as irrelevant, overbroad, and unduly burdensome, as well as requiring divulgence of proprietary, confidential, and privileged information. (Decl. of Andrew Gray, ECF No. 16, Ex. 9.)

1

After failing to reach an agreement on responding to the subpoenas, Mr. Sugarman filed this motion to compel.

This is not the only dispute arising out of subpoenas issued in the California litigation. In fact, dozens of subpoenas substantially similar to the ones at issue here have been issued by many district courts. *See In re Banc of California Securities Litigation*, No. 17-cv-118-AG-DFM, ECF No. 358 (C.D. Cal.) Recently, a motion to compel concerning one of those subpoenas was transferred to the Central District of California, and the Court understands that motion raises issues virtually indistinguishable to those now before this Court.

## II. Analysis

When an objection has been made to a subpoena, the issuing party may move for an order compelling compliance. Fed. R. Civ. P. 45(d)(2)(B)(i). The scope of discovery permitted by a subpoena is the same as permitted by Federal Rule of Civil Procedure 26. *See* 1991 Advisory Committee Notes to Rule 45(a). In certain circumstances, motions concerning subpoenas may be transferred by the court where compliance is required to the issuing court. Fed. R. Civ. P. 45)(f). "[T]ransfer may be warranted to avoid disrupting the issuing court's management of the underlying litigation." 2013 Advisory Committee Notes to Rule 45(f). The rules contemplate transfer only in two limited circumstances: "when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* This Court finds that these circumstances are present here, and transfer is warranted.

Mr. Sugarman has filed discovery demands against seventy-five third party witnesses. *See In re Banc of California Securities Litigation*, No. 17-cv-118-AG-DFM, ECF No. 358 (C.D. Cal.) A motion to compel regarding at least one of those subpoenas has been transferred to the Central District of California. That subpoena is substantially identical to the subpoenas at issue in this case. These circumstances guarantee that similar issues are likely to arise in discovery in many districts. And because one such dispute has already been transferred to the Central District of California, that court will rule on the same issues that are now presented by this motion. Therefore, it is clear that failing to transfer this motion may disrupt the issuing court's management of the case.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this case be transferred to the Central District of California.

Date: December 13, 2018               *s/Katherine Menendez*
                                                                   Katherine Menendez
                                                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.